IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERNON D. FRAUGHTON, an individual; and OFFICE OF FIRST PRESIDING OVERSEER FOR THE POPULAR ASSEMBLY OF SHARED ENLIGHTENMENT MINISTRY, VERNON D. FRAUGHTON, FIRST PRESIDING OVERSEER;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:14cv213<br><br><br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are the following motions: (1) Vernon D. Fraughton's ("Mr. Fraughton") motion for an order to compel responses to his requests for admission;[2] (2) Mr. Fraughton's motion to strike the United States of America's ("United States") response to his motion to compel;[3] and (3) the United States's motion to compel discovery.[4] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil

---

[1] *See* docket no. 9.

[2] *See* docket no. 15.

[3] *See* docket no. 22.

[4] *See* docket no. 38.

rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

As an initial matter, the court notes that Mr. Fraughton is appearing pro se. As such, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, "pro se status does not relieve [a party] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

## RELEVANT BACKGROUND

The United States brought this action to reduce to judgment the outstanding federal tax liabilities assessed against Mr. Fraughton and to foreclose federal tax liens against a parcel of real property located in American Fork, Utah ("Property"). Between June 6, 1967, and March 5, 1993, several warranty deeds and/or quit claim deeds were recorded with the Utah County Recorder transferring the Property among Mr. Fraughton, Carol F. Fraughton, and trustees of the Fraughton Family Trust.

On or about April 16, 1999, a Declaration of Land Patent was recorded with the Utah County Recorder representing that Mr. Fraughton patents the Property. On or about June 15, 2006, an Assignment of Land Patent was recorded with the Utah County Recorder purporting to transfer the land patent pertaining to the Property to the Office of First Presiding Overseer for the Popular Assembly of Shared Enlightenment Ministry, Vernon D. Fraughton, First Presiding Overseer ("Office of Overseer"). On or about June 22, 2007, a quit claim deed and a warranty deed were recorded with the Utah County Recorder purporting to transfer the Property from Mr.

Fraughton to the Office of Overseer. On February 12, 2010, in a telephone interview with an employee of the IRS, Mr. Fraughton admitted that, notwithstanding the purported transfers detailed above, he was the owner of the Property.

## DISCUSSION

### A. Mr. Fraughton's Motion to Compel and Motion to Strike

Mr. Fraughton served requests for admission on the United States prior to the parties' scheduling conference under rule 16 of the Federal Rules of Civil Procedure and DUCivR 16-1. As is evidenced through the briefing of Mr. Fraughton's motion to compel and motion to strike, the parties dispute whether Mr. Fraughton's requests for admission served prior to the scheduling conference were proper under the various procedural rules. *See* Fed. R. Civ. P. 16 & 26(f); DUCivR 16-1(a)(1)(A)(ii). However, since the filing and briefing of Mr. Fraughton's motions, the parties have participated in an Initial Pretrial Conference with Magistrate Judge Evelyn J. Furse,[5] and a scheduling order has been issued.[6] Thus, the parties' respective arguments about whether or not the United States is required to respond to Mr. Fraughton's requests for admission *before* the scheduling conference have been rendered **MOOT**. That said, if the United States has not yet responded to Mr. Fraughton's requests, it must do so on or before February 27, 2015.

### B. The United States's Motion to Compel

On October 23, 2014, the United States filed its motion to compel Mr. Fraughton to attend his deposition and to respond to the United States's discovery requests. Mr. Fraughton has failed to file a responsive memorandum, and the time for doing so has passed. *See* DUCivR 7-

---

[5] *See* docket no. 30.

[6] *See* docket no. 41.

1(b)(4)(B) ("A memorandum opposing any motion that is not a motion filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion."). Thus, the court could grant the United States's motion on this basis alone. *See* DUCivR 7-1(d) ("[F]ailure to respond timely to a motion may result in the court's granting the motion without further notice.").

On September 16, 2014, the United States served Mr. Fraughton with its first set of discovery requests, consisting of requests for production of documents and interrogatories. The United States noted in its discovery requests that under the relevant rules, responses were due within thirty (30) days. *See* Fed. R. Civ. P. 33 & 34. Mr. Fraughton failed to respond to the discovery requests. On October 21, 2014, counsel for the United States contacted Mr. Fraughton by telephone and asked if had responded or intended to respond to the requests for production and/or the interrogatories. Mr. Fraughton stated that he would not respond to any of these discovery requests.

On September 18, 2014, the United States noticed Mr. Fraughton's deposition for October 1, 2014, at 11:00 a.m. at its offices. On September 29, 2014, Mr. Fraughton called counsel for the United States and indicated that he would not attend the scheduled deposition because the court lacked jurisdiction over this case. Counsel for the United States informed Mr. Fraughton that the deposition would proceed at the date and time scheduled, and further informed him that if he did not attend the deposition, the United States would file a motion to compel his attendance at a deposition and for sanctions. On September 30, 2014, Mr. Fraughton hand-delivered a document to counsel for the United States indicating that he would not be attending his deposition. Indeed, Mr. Fraughton failed to appear at his scheduled deposition.

Under rule 37(a)(3)(B) and (d)(1)(A), when a party fails to produce documents, serve answers to discovery requests, or appear for a properly noticed deposition, the court may issue an order compelling production, responses, and appearance at a deposition. Because Mr. Fraughton has failed to participate in discovery or respond to the instant motion, the United States's motion to compel is **GRANTED**. Mr. Fraughton is **ORDERED** to appear at his deposition and to fully comply with the United States's discovery requests. The parties should attempt to find a mutually convenient time for the deposition. If Mr. Fraughton refuses to cooperate in that process, the United States may unilaterally schedule and notice Mr. Fraughton's deposition. Mr. Fraughton must also provide responses to the requested discovery on or before February 27, 2015.

As noted by the United States, the court may also impose any of the sanctions listed in rule 37(b)(2)(A)(i)-(vi), as well as require Mr. Fraughton "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Because Mr. Fraughton has not responded to the instant motion, he has not demonstrated to the court that his failure was substantially justified, nor has he presented other circumstances that would make an award of expenses unjust. Accordingly, this court awards sanctions against Mr. Fraughton. The United States must file a cost memorandum detailing the reasonable expenses, including attorney fees, caused by Mr. Fraughton's failure to participate in discovery.

In summary, **IT IS HEREBY ORDERED** that Mr. Fraughton's motion to compel and motion to strike has been rendered **MOOT**. If the United States has not already responded to Mr. Fraughton's requests for admissions, it must do so on or before February 27, 2015. The

United States's motion to compel is **GRANTED**.  Mr. Fraughton must respond to the outstanding discovery on or before February 27, 2015, and cooperate in scheduling his deposition.  Should Mr. Fraughton fail to honor his discovery obligations as described above, this court will order further sanctions, which may include a recommendation to Judge Kimball to enter judgment against him.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge