# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**VERNON D. FRAUGHTON, an individual; and OFFICE OF FIRST PRESIDING OVERSEER FOR THE POPULAR ASSEMBLY OF SHARED ENLIGHTENMENT MINISTRY, VERNON D. FRAUGHTON, FIRST PRESIDING OVERSEER;**<br><br>            **Defendants.** | **REPORT AND RECOMMENDATION**<br><br><br><br>**Case No. 2:14cv213**<br><br><br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are the following motions:  (1) Vernon D. Fraughton's ("Mr. Fraughton") motion to dismiss;[2] (2) Mr. Fraughton's second motion to dismiss;[3] (3) Mr. Fraughton's motion for more definite statement;[4] and (4) the United States of America's ("United States") motion for default judgment as to  the Office of First Presiding Overseer for the Popular Assembly of Shared Enlightenment Ministry, Vernon D. Fraughton,

---

[1] *See* docket no. 9.

[2] *See* docket no. 13.

[3] *See* docket no. 31.

[4] *See* docket no. 32.

First Presiding Overseer ("Office of Overseer").[5] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

As an initial matter, the court notes that Mr. Fraughton is appearing pro se. As such, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, "pro se status does not relieve [a party] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

## BACKGROUND

The United States brought this action pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment the outstanding federal tax liabilities assessed against Mr. Fraughton and to foreclose federal tax liens against a parcel of real property located in American Fork, Utah ("Property"). Between June 6, 1967, and March 5, 1993, several warranty deeds and/or quit claim deeds were recorded with the Utah County Recorder transferring the Property among Mr. Fraughton, Carol F. Fraughton, and trustees of the Fraughton Family Trust.

On or about April 16, 1999, a Declaration of Land Patent was recorded with the Utah County Recorder representing that Mr. Fraughton patents the Property. On or about June 15, 2006, an Assignment of Land Patent was recorded with the Utah County Recorder purporting to transfer the land patent pertaining to the Property to the Office of Overseer. On or about June 22,

---

[5] *See* docket no. 39.

2007, a quit claim deed and a warranty deed were recorded with the Utah County Recorder purporting to transfer the Property from Mr. Fraughton to the Office of Overseer.

The United States alleges that a delegate of the Secretary of the Treasury made various assessments against Mr. Fraughton for tax periods 2000, 2001, 2003, 2004, and 2010 for unpaid federal income taxes, interest, penalties and other statutory additions accruing. According to the United States, the total amount due and owing on the assessments, plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and other statutory additions, less any payments and credits, as of April 30, 2013, was $241,048.36. The United States alleges that Mr. Fraughton has neglected, failed, or refused to pay the assessed amounts to the United States.

According to the United States, no entity known as the Office of Overseer has ever filed any tax return or other form with the Internal Revenue Service ("IRS") at any time during or prior to the transfers described above. The Office of Overseer is registered to do business in Nevada. A search of records with the Nevada Secretary of State in 2008 revealed that the only officer listed for the Office of Overseer was Mr. Fraughton. On February 12, 2010, in a telephone interview with an employee of the IRS, Mr. Fraughton admitted that, notwithstanding the purported transfers detailed above, he was the owner of the Property. In addition, the court notes that Mr. Fraughton has used the address of the Property as his personal address for each of the various pleadings he has filed in this case.

An authorized representative of the Office of Overseer was required to appear or otherwise respond in this action no later than April 30, 2014. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). No authorized representative of that entity has filed an answer or otherwise responded to the

complaint. On July 1, 2014, the Clerk of this Court entered a default certificate against the Office of Overseer.

## DISCUSSION

### I. Mr. Fraughton's Motions to Dismiss

In his first motion to dismiss, Mr. Fraughton initially objects to the referral of this matter to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) "except for judgment on the pleadings to dismiss Complaint."[6] Mr. Fraughton also argues that his motion is made "by raising the issue of a 'repealed' individual tax liability before this honorable Court which plain and simple bares [sic] [the United States] by law under 'No Cause of Action.'"[7] In his second motion to dismiss, Mr. Fraughton asserts that because 26 U.S.C. § 6364 was repealed on November 5, 1990,

> the Secretary is unable of prescribing regulations for the collection of State Individual income taxes. Thereby No civil action for the collection or recovery of taxes or of any fine, penalty, or forfeiture, shall be commenced by the Secretary or his delegate for authorizing commencement of such; which also precludes the Attorney General or his delegate from directing any action as well.[8]

Mr. Fraughton concludes by stating that "[t]his Court lacks jurisdiction of the subject without authorization of such."[9]

In other words, Mr. Fraughton asserts that (1) a magistrate judge should not rule in this matter, except to dismiss the case; (2) the United States's complaint against him arises under a portion of the Internal Revenue Code relating to the collection of State individual income taxes

---

[6] Docket no. 13 at 2.

[7] *Id.* at 1.

[8] Docket no. 31 at 1.

[9] *Id.*

that has been repealed by Congress, and, as a result (a) this court does not possess subject matter jurisdiction nor (b) does the United States have a viable cause of action against him. The court will construe Mr. Fraughton's motions to dismiss as brought under both rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Magistrate Judge Authority

As an initial matter, Mr. Fraughton challenges the referral of this case to a magistrate judge under 28 U.S.C. § 636(b)(1)(B). Under that section, a magistrate judge has the authority "to submit to a [district] judge of the court proposed findings of fact and recommendations for the disposition, by a [district] judge of the court, of any [dispositive] motion." 28 U.S.C. § 636(b)(1)(B). Because this court is merely providing a recommendation to Judge Kimball for the disposition of Mr. Fraughton's motions, it is well within its authority. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) ("While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations as to those matters if a party objects to the magistrate's recommendations."). Therefore, Mr. Fraughton's objections to the referral under § 636(b)(1)(B) are unfounded.

### B. Subject Matter Jurisdiction

Mr. Fraughton asserts that this court lacks subject matter jurisdiction on the grounds that Congress repealed the authority of the IRS to collect federal income taxes. Motions to dismiss for lack of subject matter jurisdiction are generally based upon "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d

1173, 1180 (10th Cir. 2002). Mr. Fraughton's motion is a facial attack on the United States's basis for jurisdiction.

The portion of the Internal Revenue Code that Congress repealed was the Federal-State Tax Collection Act of 1972, Subchapter E of Chapter 64 ("Act"). *See* 26 U.S.C. §§ 6361 to 6365 (repealed). Prior to repeal, the Act permitted States to enter into an agreement with the United States to have their assessed individual income taxes collected and administered by the federal government. *See* 26 U.S.C. § 6363 (repealed). In the Omnibus Budget Reconciliation of 1990, Congress repealed the Act thereby removing the authority of the IRS to collect individual income taxes assessed by States. However, the repeal of the Act had no effect on the authority of the IRS to collect federal income tax liabilities. The action against Mr. Fraughton involves the collection of his federal income tax liabilities. As such, the repeal of the Act has no impact on this court's subject matter jurisdiction in the case against Mr. Fraughton. Accordingly, Mr. Fraughton's arguments regarding subject matter jursdiction fail and his motion to dismiss should be **DENIED**.

### C. Failure to State a Claim

Mr. Fraughton asserts that the United States has "No Cause of Action" against him because it relies upon a repealed portion of the Internal Revenue Code in its claim.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the

---

[10] Docket no. 13 at 1.

6

factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

As noted above, the United States has not relied upon the Act in its case against Mr. Fraughton. This action is brought pursuant to 26 U.S.C. §§ 7401 and 7403. Section 7401 provides that an action for the collection of taxes may only be commenced upon the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States. *See* 26 U.S.C. § 7401. Section 7403 sets forth the process for the filing of a civil action to enforce a lien against property to satisfy a tax liability. *See id.* § 7403. The United States has set forth facts alleging that Mr. Fraughton has failed to meet his federal tax obligations. Assuming the truth of the facutal allegations set forth in the complaint, the United States has properly stated a claim against Mr. Fraughton. As such, Mr. Fraughton's motion to dismiss should be **DENIED**

## II. Mr. Fraughton's Motion for More Definite Statement

Mr. Fraughton moves the court to order the United States to provide a more definite statement. Specifically, Mr. Fraughton argues that he has demonstrated in his various filings that this court lacks jurisdiction to adjudicate the case against him, and the United States should therefore be ordered to provide an alternate basis for jurisdiction.

The United States objects to Mr. Fraughton's motion on the grounds that it is untimely and it does not adequately provide a basis for relief. The court agrees. Under rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Mr. Fraughton has already filed an answer and two motions to

dismiss, and he filed the instant motion nearly five months after filing his answer. Thus, the court concludes that the instant motion is untimely.

Even if Mr. Fraughton's motion was timely, he has not demonstrated that the allegations in the complaint are "so vague or ambiguous that [he] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In fact, Mr. Fraughton has responded to the complaint repeatedly, and in those responses, has demonstrated that he merely disagrees with the allegations in the complaint. This, however, does not provide a basis for relief under the instant motion. As this court concluded above, the United States has alleged facts sufficient to set forth the general elements of its claims. Accordingly, Mr. Fraughton's rule 12(e) motion is without merit. Because Mr. Fraughton's motion for a more definite statement is untimely and without merit, it is hereby recommended that his motion be **DENIED**.

### III.  United States's Motion for Default Judgment

The United States moves this court to enter default judgment against the Office of Overseer pursuant to rule 55 of the Federal Rules of Civil Procedure. Under rule 12(a) of the Federal Rules of Civil Procedure, a defendant has twenty-one (21) days after being served with the summons and complaint or fourteen (14) days after notice of the court's denial of a motion, to serve an answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) and (a)(4)(A). Service of process was properly effected on the Office of Overseer, and no authorized representative of the Office of Overseer has responded to to complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party may be defaulted. Fed. R. Civ. P. 55(a). As noted above, a default certificate has been entered by the Clerk of Court against the Office of Overseer. Once default has been entered, the party seeking affirmative

relief may move for default judgment.  *See* Fed. R. Civ. P. 55(b).  Based solely on the above, default judgment may be entered on all counts of the complaint against the Office of Overseer in order to protect the United States against delay and uncertainty caused by its failure to respond or otherwise participate in this action.

The United States asserts that the purported transfers of the Property to the Office of Overseer were fraudulent, and, assuming the Office of Overseer holds an interst in the Property, it is only as the nominee or alter ego of Mr. Fraughton.  Specifically, the United States seeks entry of judgment that (1) assuming the Office of Overseer holds title to the Property, it is only as a nominee or alter ego of Mr. Fraughton; (2) the actions of the parties in the purported transfer of the Property to the Office of Overseer created a resulting trust in which Mr. Fraughton maintains a 100% beneficial interest; (3) the purported transfer of the Property constituted a fraudulent conveyance; and (4) the Office of Overseer has no claim to the Property.

This court concludes that based on the facts presented by the United States, entry of default judgment is appropriate on each of these grounds.  As noted above, Mr. Fraughton has admitted to an employee of the IRS that he is the true owner of the Property.  Thus, by Mr. Fraughton's own admission, the Office of Overseer has no interest in the Property.  However, even asssuming it retains some interest in the Property, the United States has provided sufficient evidence that the Office of Overseer is merely a nominee of Mr. Fraughton.  In evaluating whether property in Utah is held in the name of a nominee, the Tenth Circuit has enumerated the following factors:

> (1) whether inadequate or no consideration was paid by the nominee; (2) whether the property was placed in the nominee's name in anticipation of a lawsuit or other liability while the transferor remains in control of the property; (3) whether there is a close relationship between the nominee and the transferor; (4) whether they failed to record the

conveyance; (5) whether the transferor retained possession; and (6) whether the transferor continues to enjoy the benefits of the transferred property.

*See Holman v. United States*, 505 F.3d 1060, 1065 n.1. (10th Cir. 2007) (quotations and citation omitted). Several of these factors are present in this case. Specifically, Mr. Fraughton initially purchased the Property in his own name in 1967. The transfers to the Office of Overseer were not made until 2006 and 2007. These transfers occurred after the IRS had assessed substantial federal income tax liabilities against Mr. Fraughton. Mr. Fraughton was aware at the time of the transfers that significant federal income tax liabilities had been assessed against him. Further, the purported transfers were made to an entity that had never filed any tax returns with the IRS. Because Mr. Fraughton is the only officer of the Office of Overseer, the purported transfer was made to an entity under his sole control. Finally, Mr. Fraughton has continued to reside at the Property after the transfer. Therefore, this court concludes that there is sufficient evidence that the Office of Overseer holds title to the Property, if at all, as a nominee of Mr. Fraughton.

Furthermore, the United States notes that the Uniform Fraudulent Conveyance Act, at Utah Code Ann. § 25-6-5(1)(a), establishes that a transfer of property is fraudulent if it is made "with actual intent to hinder, delay, or defraud any creditor of the debtor." This court has previously held that fraudulent conveyances of land made to defeat taxes must be set aside. *See United States v. Christensen*, 751 F. Supp. 1532 (D. Utah 1990). Thus, the court agrees with the Untied States that it may be considered a creditor of Mr. Fraughton and that the transfer of the Property to the Office of Overseer was fraudulent as to the United States. At the time of the purported transfer of the Property to the Office of Overseer, Mr. Fraughton was aware that he had outstanding tax liabilities to the IRS. Therefore, the transfers to the Office of Overseer can reasonably be considered to have been made in anticipation of litigation or other collection

action concerning his federal tax debts.  And the transfer was made to an entity controlled by Mr. Fraughton, and he retained possession of the Property after the purported transfer.  Therefore, this court concludes that the United States has demonstrated that the transfer of the Property was fraudulent as to the United States, and the United States is entitled to an attachment of its tax liens against the Property.

The court concludes that the United States has also demonstrated that the actions of the parties created a resulting trust in which Mr. Fraughton was at all times the beneficial owner of 100% of the Property.  Under Utah law, when title to real property is held in one person's name but the purchase price is paid by another, the general presumption is that a resulting trust is created, with the person paying the purchase price obtaining a beneficial interest in the property.  *See Parks v. Zions First Nat'l Bank*, 673 P.2d 590 (Utah 1983).  Under facts similar to this case, the Tenth Circuit has determined that the transferor intended to retain the beneficial ownership of the real property, and that the transferred property could be reached by creditors.  *See McGavin v. Segal*, 189 F.3d 1215, 1218 (10th Cir. 1999).  Finally, Mr. Fraughton has admitted to an IRS employee that he is the true owner of the real property.  Therefore, this court concludes that the actions of the parties created a resulting trust in which Mr. Fraughton retained a 100% beneficial interest in the real property after the purported transfers to the Office of Overseer.

Based on the foregoing, this court concludes that default judgment should be entered against the Office of Overseer.  As such, this court recommends that the United States's motion be **GRANTED**.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

(1) Mr. Fraughton's two motions to dismiss[11] be **DENIED**;

(2) Mr. Fraughton's motion for a more definite statement[12] be **DENIED**; and

(3) The United States's motion for default judgment as to the Office of Overseer[13] be **GRANTED**.

\*\*\*\*\*\*\*\*\*\*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[11] *See* docket nos. 13 and 31.

[12] *See* docket no. 32.

[13] *See* docket no. 39.