# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**VERNON D. FRAUGHTON, an individual; and OFFICE OF FIRST PRESIDING OVERSEER FOR THE POPULAR ASSEMBLY OF SHARED ENLIGHTENMENT MINISTRY, VERNON D. FRAUGHTON, FIRST PRESIDING OVERSEER;**<br><br>        **Defendants.** | **REPORT AND RECOMMENDATION**<br><br><br><br>**Case No. 2:14cv213**<br><br><br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are the following motions: (1) Defendant Vernon D. Fraughton's ("Defendant") apparent third motion to dismiss;[2] (2) Defendant's motion for judgment on the pleadings;[3] and (3) the United States of America's ("United States") unopposed motion for summary judgment.[4]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of

---

[1] Docket no. 9.

[2] Docket no. 54.

[3] Docket no. 58.

[4] Docket no. 53.

Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

As an initial matter, the court notes that Defendant is appearing pro se. As such, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, "pro se status does not relieve [a party] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

## I. BACKGROUND

The United States brought this action pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment the outstanding federal tax liabilities assessed against Defendant and to foreclose federal tax liens against real property located at 990 N. 100 E., American Fork, Utah (the "Property").

Defendant has engaged in outlandish, if not out-and-out fraudulent, efforts to muddy and confuse title to the Property by purporting to transfer his interest to his alter ego styled as the "Office of First Presiding Overseer for the Popular Assembly of Shared Enlightenment Ministry, Vernon D. Fraughton, First Presiding Overseer" (the "Office of Overseer"). In its rulings on prior motions, the court had little trouble seeing through Defendant's bumbling machinations[5] and entered the default of defendant Office of the Overseer.[6]

---

[5] When questioned about the consideration he received for the purported transfer of real property to the Office of the Overseer, Defendant responded: "I guess I handed myself $10." Docket no. 53 at 5 (citing Fraughton Dep. 48:16-49:19).

[6] Docket nos. 46 and 50.

On March 9, 2015, Defendant filed what appears to be a motion to dismiss for lack of jurisdiction.[7] Defendant filed two prior motions to dismiss and a motion for more definite statement, all of which were denied.

On March 11, 2015, the United States filed a motion for summary judgment against Defendant, including multiple declarations and exhibits.[8]  The United States' moving papers establish that a delegate of the Secretary of the Treasury made various assessments against Defendant for tax periods 2000, 2001, 2003, 2004, and 2010 for unpaid federal income taxes, interest, penalties and other statutory additions accruing.  The total amount due and owing on the assessments, plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and other statutory additions, less any payments and credits, as of April 30, 2013, was $241,048.36.  Defendant has neglected, failed, or refused to pay the assessed amounts to the United States.

Defendant failed to respond to the motion for summary judgment.

On May 1, 2015, Defendant filed a motion for judgment on the pleadings.[9]

## II.  DISCUSSION

### A.   Defendant's Apparent Renewed Motion to Dismiss for Lack of Jurisdiction

As noted above, the court construes pro se pleadings liberally and holds pro se defendants to a less stringent pleading standard.  That said, the court has exhibited exceptional patience and

---

[7] Docket no. 54.

[8] Docket no. 53.

[9] Docket no. 58.

liberality towards Defendant. Despite what Defendant believes, he is not exempt from the procedures of this court or well-established principles of law, and the orders of this court.[10]

Out of magnanimity, the court will construe the untitled document filed by Defendant on March 9, 2015 in the light most favorable to Defendant and treat it as a motion to dismiss for lack of subject jurisdiction.

Defendant's previous challenges to the jurisdiction of this court were addressed and denied.[11] The March 9, 2015 motion raises no new substantive arguments or facts calling into question the court's earlier denial. The sole basis asserted by Defendant in the instant motion is that the court lacks subject matter jurisdiction under 31 U.S.C. § 3124(a), which prohibits a state from imposing a tax on federal obligations, an issue of no relevance to the current action. Here, the United States seeks to reduce to judgment *federal* income tax liabilities assessed against Defendant and foreclose liens arising from those liabilities.

Accordingly, it is recommended that Defendant's March 9, 2015 motion be **DENIED**.

### B. Defendant's Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings. Again, the court applies great liberality in interpreting Defendant's purported motion.

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings, provided it is "early enough not to delay trial." Fed. R. Civ. P. 12(c). The court applies the same standard to a motion for judgment on the pleadings as to a motion to dismiss

---

[10] For example, Defendant still has not responded to October 16, 2014 requests for admission despite the Federal Rules of Civil Procedure and the court's order that he respond on or before February 27, 2015. Docket no. 45.

[11] Docket nos. 46 and 50

under Rule 12(b)(6). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (noting courts "use the same standard when evaluating 12(b)(6) and 12(c) motions."). For such motions, a court must "accept all the well-pleaded allegations of the complaint as true and construe them in a light most favorable to plaintiff." *David v. City & County of Denver*, 101 F.3d 1344, 1351 (10th Cir. 2002).

The court must also "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). "[A] complaint must contain sufficient factual matter, accepted as true, . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining facial plausibility, courts "disregard conclusory statements," *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), and need not accept as true legal conclusions, *see Iqbal*, 556 U.S. at 678.

As discussed in greater detail below and in the court's prior rulings in this case, the United States' complaint clearly meets the applicable pleading standard and alleges facts sufficient to support all of the necessary elements establishing entitlement to relief. Accordingly, Defendant's Rule 12(c) motion is devoid of merit and frivolous. Accordingly, it is hereby recommended that Defendant's motion for judgment on the pleadings be **DENIED**.

  C. **The United States' Motion for Summary Judgment**

    1. **Legal Standards on Summary Judgment**

The United States moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir. 1991); *Nelson v. Geringer,* 295 F.3d 1082, 1086 (10th Cir. 2002).

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Viktus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that there are genuine issues for trial. *Viktus*, 11 F.3d at 1539; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine where a reasonable jury could return a verdict for the party opposing summary judgment. *Seymour v. Shawver & Sons, Inc.,* 111 F.3d 794, 797 (10th Cir. 1997). To constitute a genuine factual dispute, there must be more than a scintilla of evidence that is significantly probative in establishing the fact. *Viktus*, 11 F.3d at 1539.

In applying the summary judgment standard, the court construes the factual record and reasonable inferences in the light most favorable to the party opposing summary judgment. *Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996); *Blue Circle Cement, Inc. v. Bd. of County Comm'rs.,* 27 F.3d 1499, 1503 (10th Cir. 1994); *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir. 1991).

Rule 56(e) provides that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may, *inter alia*, "consider the fact undisputed for

purposes of the motion; [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

Local Rule 56-1(c)(3) states that properly stated material facts of record "set forth with particularity in the movant's statement of material facts will be deemed admitted unless specifically controverted by the statement of the opposing party." DUCivR 56-1(c)(3). "Failure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice." DUCivR 56-1(g).

**2. Analysis**

The United States filed its motion for summary judgment on March 11, 2015.[12] While Defendant has filed a number of papers since that date, he has not filed anything that the court can reasonably construe as a response to the motion for summary judgment in the ensuing two and a half months. Thus, the United States' material facts are uncontroverted and deemed admitted. Fed. R. Civ. P. 56(e); DUCivR 56-1(c)(3).

The undisputed material facts in the United States' motion appear supported by the evidence submitted in conjunction with the motion and establish that the United States is entitled to summary judgment against Defendant. Defendant has and has had extensive unpaid tax liabilities arising from his failure to file tax returns or pay income taxes.[13] Despite notice and demand for payment of taxes, penalties and interest, Defendant failed to make payment. The United States is entitled to have the unpaid tax assessments reduced to judgment, to lien the assets of Defendant, and to foreclose on Defendant's property.

---

[12] Docket no. 53.

[13] Docket no. 53 at pp. 3-4.

Based on the moving papers, the court recommends that the United States' motion for summary judgment be **GRANTED** and findings be made as follows:

   a. Defendant Vernon D. Fraughton is indebted to the United States for federal income tax liabilities for the years 2001, 2003, 2004 and 2010 in the total amount of $225,459.79, as of February 28, 2015, plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and other statutory additions, less payments and credits;

   b. The United States has valid and subsisting federal tax liens which attach to all property and rights to property of Defendant, both real and personal, tangible and intangible, including his interest in the Property;

   c. The United States' tax liens encumbering the Property may be foreclosed and that the Court enter an order of foreclosure and decree of sale setting forth the terms and conditions of the sale.

### III.   CONCLUSION AND RECOMMENDATION

As set forth above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's further motions to dismiss be **DENIED**;

2. Defendant's motion for judgment on the pleadings be **DENIED**; and

3. The United States' motion for summary judgment against Defendant be **GRANTED**. The United States shall submit a proposed order of foreclosure and decree of sale setting forth the terms and conditions of the sale.

**********

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 4th day of June, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge